UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BILE ABDULLAHI,

        Plaintiff,

                                            CASE NO. 2:09-CV-14006
v.                                       HONORABLE GERALD E. ROSEN

WAYNE COUNTY JAIL,

        Defendant.
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

I.

Before the Court is Plaintiff Bile Abdullahi's pro se civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff states that he is currently confined at the Sanilac County Jail and the events giving rise to his complaint occurred while he was confined at the Wayne County Jail in Detroit, Michigan. Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action. In his complaint, Plaintiff sues the Wayne County Jail alleging that unidentified deputies physically assaulted him resulting in broken teeth and head and neck injuries. He seeks two million dollars in monetary damages.

Having reviewed the complaint, the Court now dismisses it pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to name a proper defendant so as to state a claim upon which relief may be granted.

1

II.

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Despite this liberal pleading standard, the Court finds that Plaintiff's complaint is subject to dismissal.

III.

The plaintiff only identifies the Wayne County Jail as a defendant in this action. Section 1983 imposes liability on any "person" who violates an individual's federal constitutional or statutory rights. It is well-settled under Michigan law that county jails, sheriff departments, and

other governmental agencies are not legal entities amenable to suit under 42 U.S.C. § 1983.  *See Coopshaw v. Lenawee Co. Sheriff's Office of Lenawee Co.*, No. 05-CV-72569, 2006 WL 3298898, *6-7 (E.D. Mich. Nov. 14, 2006) (citing cases); *Gross v. Evans*, No. 06-CV-13065, 2006 WL 2419195, *2 (E.D. Mich. Aug. 22, 2006); *see also Petty v. County of Franklin, Ohio, et al.*, 478 F.3d 341, 347 (6th Cir. 2007) (county sheriff's office was not a legal entity under Ohio law and was not subject to suit under § 1983); *Castillo v. Cook Co. Mail Room Dep't.*, 990 F.2d 304, 307 (7th Cir. 1993) (per curiam).  Plaintiff's § 1983 complaint against the Wayne County Jail must therefore be dismissed.

### IV.

For the reasons stated, the Court concludes that Plaintiff has failed to name a proper defendant in this action and has thus failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983.  Accordingly, the Court **DISMISSES** Plaintiff's civil rights complaint.  This dismissal is without prejudice to the filing of a new complaint naming one or more proper defendants.  The Court makes no determination as to the merits of any such complaint.

Lastly, the Court concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED.**

                              s/Gerald E. Rosen
                              Chief Judge, United States District Court

Dated:  October 14, 2009

3

**CERTIFICATE OF SERVICE**

I hereby certify that on   October 14, 2009  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:
   Bile Abdullahi, #153979, Sanilac County Jail, 65 N. Elks , Sandusky, MI 48471.

                                         s/Ruth A. Brissaud
                                         Ruth A. Brissaud, Case Manager
                                         (313) 234-5137